UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LYNN M. PACHECO,

        Plaintiff,

    v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

        Defendant.

CASE NO. C15-05848 BHS

ORDER AFFIRMING THE COMMISSIONER'S DECISION

## I. BASIC DATA

Type of Benefits Sought:

    ( ) Disability Insurance

    (X) Supplemental Security Income

Plaintiff's:

    Sex: Female

    Age: 38 at alleged onset date

Principal Disabilities Alleged by Plaintiff: Lumbar degenerative disc disease, deformed feet, bursitis of the left hip

ORDER - 1

Disability Allegedly Began: May 4, 2009

Principal Previous Work Experience: Server, retail worker, and jewelry salesperson

Education Level Achieved by Plaintiff: High school

## II. PROCEDURAL HISTORY—ADMINISTRATIVE

Before ALJ Michael C. Blanton:

    Date of Hearing: February 11, 2014; hearing transcript AR 31-81

    Date of Decision: September 25, 2014

    Appears in Record at: AR 11-30

    Summary of Decision:

        The claimant has not engaged in substantial gainful activity since June 7, 2012, the application date. The claimant has the following severe impairments: lumbar degenerative disc disease, deformed feet, bursitis of the left hip. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

        The claimant has the residual functional capacity to perform sedentary work except that she is limited to unskilled work.

        The claimant has no past relevant work. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform. Therefore, the claimant has not been under a disability, as defined in the Social Security Act, since June 7, 2012, the application date.

Before Appeals Council:

    Date of Decision: September 18, 2015

    Appears in Record at: AR 1-6

Summary of Decision: Declined review

## III. PROCEDURAL HISTORY—THIS COURT

Jurisdiction based upon: 42 U.S.C. § 405(g)

Brief on Merits Submitted by (X) Plaintiff   (X) Commissioner

## IV. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id.*

## V. EVALUATING DISABILITY

The claimant, Lynn M. Pacheco ("Pacheco"), bears the burden of proving that she is disabled within the meaning of the Social Security Act ("Act"). *Meanel v. Apfel*, 172

F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than 12 months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. *Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). At step five, the burden shifts to the Commissioner. *Id.*

## VI. ISSUES ON APPEAL

1. Did the ALJ err in evaluating the medical evidence?
2. Did the ALJ err in assessing Pacheco's credibility?
3. Did the ALJ err in evaluating the lay witness testimony?
4. Did the ALJ err in assessing Pacheco's residual functional capacity ("RFC") and therefore in determining that she could perform other work at step five?

//

//

//

# VII. DISCUSSION

Pacheco appeals the Commissioner's decision denying her disability benefits, arguing that the ALJ committed several errors requiring reversal. Dkt. 11. The Court addresses each alleged error in turn.

## A.  Evaluation of the Medical Evidence

Pacheco argues that the ALJ erred in evaluating the opinions of several medical professionals in the record. *See* Dkt. 11 at 2-11. The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Id.* at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.*

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *Id.* at 830. An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Id.* at 830-31.

//

### 1. Mark Layton, M.D.

Pacheco argues that the ALJ erred by failing to acknowledge that Mark Layton, M.D., is a rheumatologist, instead referring to him as "Mr. Layton." *See* Dkt. 11 at 4-5. However, Pacheco does not identify any resulting error that renders the decision unsupported by substantial evidence. *See id*. A plaintiff has the burden of establishing that an alleged error resulted in actual harm. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) ("The burden is on the party claiming error to demonstrate not only the error, but also that it affected his 'substantial rights,' which is to say, not merely his procedural rights.") (citing *Shinseki v. Sanders*, 556 U.S. 396, 407-09 (2009)). The ALJ found that Dr. Layton failed to proffer a full diagnosis or evaluate trigger points. *See* AR 22. Pacheco does not argue that Dr. Layton opined to any functional limitations that are lacking from the RFC. *See* Dkt. 11 at 4-5. Therefore, Pacheco establishes no harmful error.

### 2. Steve Gist, M.D.

Pacheco argues that the ALJ erred by giving significant weight to the opinion of Steve Gist, M.D., while failing to provide Dr. Gist with copies of an MRI and treatment notes from other physicians. *See* Dkt. 11 at 6-8. However, Pacheco again fails to identify how this alleged procedural error also affected her substantial rights, leaving the ultimate disability determination unsupported by substantial evidence. *See id*. While Pacheco argues that Dr. Gist's opinion should be entitled to less weight, she does not affirmatively establish that any other opinion should have been given more weight, such that the RFC is missing any specific functional limitations.

1    Pacheco also argues that the ALJ erred by failing to acknowledge that some of Dr.
2 Gist's conclusions are inconsistent with his findings.  *See* Dkt. 11 at 8.  However,
3 Pacheco manufactures this alleged inconsistency.  While Pacheco states that the findings
4 showed her to be unable to stoop, kneel, crouch, or crawl, Dr. Gist only found that she
5 "was not able to perform [them] well" and limited her accordingly.  *See* AR 598.
6 Pacheco also concludes that findings of lower back pain limiting her bending and
7 squatting are inconsistent with Dr. Gist's opinion that she could sit for six hours in an
8 eight-hour workday, but no inherent conflict exists between the two.  Pacheco does not
9 establish harmful error.

10   **3.   Keri Tarantino, Psy.D.**

11    Pacheco argues that the ALJ erred by noting within the evaluation of the opinion
12 of Keri Tarantino, Psy.D., that Pachecho stated that her depression symptoms did not
13 significantly impact her ability to work, when Pacheco does not have the awareness to
14 know how significantly her impairments affect her.  *See* Dkt. 11 at 8.  However, the ALJ
15 then concluded that despite Dr. Tarantino finding no significant mental health limitations,
16 the RFC should limit Pacheco to unskilled work "to give the claimant the benefit of all
17 doubt."  *See* AR 23.  Therefore, Pacheco establishes no harmful error.

18   **4.   Robert Hoskins, M.D.**

19    Pacheco argues that the ALJ erred by giving greater weight to the opinion of
20 nonexamining physician Robert Hoskins, M.D., who did not review all the medical
21 evidence, than to the opinions of treating and evaluating physicians.  *See* Dkt. 11 at 10-
22 11.  Dr. Hoskins completed a physical RFC assessment in November of 2012.  *See* AR at

98-100.  The ALJ noted that Dr. Hoskins' opinion was consistent with the evidence in the record, but because Dr. Hoskins could not possibly review subsequent medical records, the ALJ gave his opinion only "good weight."  *See* AR 23-24.  While Pacheco argues that Dr. Hoskins's opinion should be entitled to even less weight, she does not affirmatively establish that any other opinion should have been given more weight, such that the RFC is missing any specific functional limitations.  *See* Dkt. 11 at 10-11.  Therefore, Pacheco again establishes no harmful error.

### 5. Other Medical Providers

Pacheco describes in detail the findings of several other medical providers, arguing only that these findings "are consistent with Pacheco's testimony about her symptoms and limitations."  *See* Dkt. 11 at 2-6, 9-10.  As explained below, the ALJ gave sufficient reasons to discount Pacheco's testimony.  *See infra*, VII.B.  Plaintiff does not argue any other harmful error in the evaluation of this medical evidence, conceding that much of it "does not include clear opinions of functional limitations."  *See* Dkt. 11 at 10.

### B. Evaluation of Pacheco's Credibility

Pacheco argues that the ALJ erred in evaluating her credibility.  *See* Dkt. 11 at 11-16.  The Court disagrees.

Questions of credibility are solely within the control of the ALJ.  *See Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).  The Court should not "second-guess" this credibility determination.  *Allen v. Heckler*, 749 F.2d 577, 580 (9th Cir. 1984).  To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief."  *Lester*, 81 F.3d at 834 (citation omitted).  The ALJ "must identify what

testimony is not credible and what evidence undermines the claimant's complaints." *Id*.; *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834. That some of the reasons for discrediting a claimant's testimony should properly be discounted does not render the ALJ's determination invalid, as long as that determination is supported by substantial evidence. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

Here, the ALJ discredited Pacheco's testimony because her impairments were well-controlled by medications and her complaints were inconsistent with the medical evidence. *See* AR 19-22. An impairment that can be controlled by treatment or medication is not considered disabling. *See Warre v. Comm'r, Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006); *see also Morgan v. Comm'r, Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) (an ALJ may discount a claimant's credibility on the basis of medical improvement), *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (an ALJ may consider physicians' observations regarding the nature, onset, duration, and frequency of symptoms), *Regennitter v. Comm'r, Soc. Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1998) (a determination that a claimant's complaints are "inconsistent with clinical observations" can satisfy the clear and convincing requirement). Substantial evidence supports the ALJ's reasons. Multiple medical providers found, and Pacheco herself reported, that treatment greatly improved and controlled Pacheco's symptoms. *See, e.g.*, AR 367, 369, 409, 476, 489, 604, 606. Pacheco's allegations, including the inability to stand for more than 15 minutes at a time and the need to elevate her feet, were

also inconsistent with objective clinical findings. *See, e.g.*, AR 362, 371-72, 476, 479, 562-63, 596-97, 605. While Pacheco identifies some findings that support her allegations, substantial evidence supports the ALJ's finding that the objective evidence as a whole was inconsistent with her complaints. *See Winans v. Bowen*, 853 F.2d 643, 644-45 (9th Cir. 1987) (court's role is not to reweigh the evidence). Therefore, the ALJ provided a clear and convincing reason supported by substantial evidence for discounting Pacheco's subjective complaints and did not err here.

## C.     Evaluation of the Lay Witness Evidence

Pacheco argues that the ALJ erred in evaluating the lay witness testimony of her friend Priscilla Watson. *See* Dkt. 11 at 16-17. The Court disagrees.

"In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout v. Comm'r*, *Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006). If an ALJ disregards the testimony of a lay witness, the ALJ must provide reasons "that are germane to each witness." *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). Further, the reasons "germane to each witness" must be specific. *Stout*, 454 F.3d at 1054 (explaining that "the ALJ, not the district court, is required to provide specific reasons for rejecting lay testimony").

Here, the ALJ discounted the opinion of Ms. Watson because it was largely based on Pacheco's complaints, which the ALJ discredited, and inconsistent with the medical evidence. *See* AR 24. Where a claimant's testimony has been properly rejected, lay witness testimony that is similar thereto may be rejected for the same reasons used to reject the claimant's testimony. *See Valentine*, 574 F.3d at 685. Substantial evidence

supports the ALJ's finding that Ms. Watson's opinion was based on Pacheco's subjective pain complaints. *See* AR 266. Therefore, the ALJ provided a germane reason to discount Ms. Watson's testimony.

**D.     The ALJ's RFC and Finding at Step Five**

Pacheco argues that the ALJ's RFC and finding at step five that Pacheco could perform other work were not supported by substantial evidence due to the errors alleged above. *See* Dkt. 11 at 17-18. However, the Court found no error by the ALJ in evaluating the medical evidence, Pacheco's testimony, or the lay witness evidence. *See supra*, VII.A., B., C. Therefore, the RFC and resulting step-five finding are supported by substantial evidence and not in error.

## VIII. ORDER

Therefore, it is hereby **ORDERED** that the Commissioner's final decision is **AFFIRMED**.

Dated this 16th day of August, 2016.

BENJAMIN H. SETTLE
United States District Judge